# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

TRAVIS R. NORWOOD,

    Plaintiff,

v.                                                                 CIVIL ACTION NO 5:19-cv-604

MARVELL T. BYNUM,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Pending is Defendant Marvell T. Bynum's Motion to Dismiss [Doc. 15], filed November 26, 2019. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R [Doc. 24] on January 10, 2020. Magistrate Judge Aboulhosn recommended that the Court grant the motion and dismiss the action. Plaintiff Travis R. Norwood filed objections [Doc. 25] on January 23, 2020, and Mr. Bynum opposed the objections [Doc. 26] on January 29, 2020.

The Court is required to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Mr. Norwood objects to the Magistrate Judge's recommendation that the two-year statute of limitations contained in W. Va. Code § 55-2-12(b) not be tolled for alleged continuing misconduct. Under the continuing misconduct doctrine, "the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." *Smith v. Allred*, No. 2:15-cv-06026, 2016 WL 1274593 at *11 (S.D. W. Va. Mar. 31, 2016).

In his objection, Mr. Norwood contends that his Complaint should be deemed timely because he filed it after he was placed on administrative segregation because "only then did [he] feel safe from [Mr. Bynum's] threat[s]" [Doc. 25 at 6]. The only threats or misconduct alleged by Mr. Norwood occurred on July 31, 2016, and December 9, 2016. But Mr. Norwood does not allege or identify any continuing misconduct within two years of the filing of the Complaint.[1] Inasmuch as the action accrued on the date of the last injury or when the tortious over acts ceased, the instant Complaint, filed August 19, 2019, is well outside the two-year limitations period.

For these reasons, the Court **OVERRULES** Plaintiff's objections [Doc. 25], **ADOPTS** the PF&R [Doc. 24], **GRANTS** Defendant's Motion to Dismiss [Doc. 15], **DISMISSES** the Complaint [Doc. 2], **DISMISSES** this civil action, and **DIRECTS** the Clerk to remove this matter from the Court's docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party herein.

ENTERED: March 6, 2020

Frank W. Volk
United States District Judge

---

[1] The only alleged incident within that operative time period occurred in the spring of 2019, when a nonparty correctional officer allegedly asked if Mr. Norwood was angry that Mr. Bynum put him in prison. Such an incident cannot plausibly serve to toll the statute of limitations under the continuing misconduct doctrine.